BRYAN, Judge,
dissenting.
I respectfully dissent. On August 29, 2001, Robert Earl Winstead, Jr., tendered three checks to Noble Winstead Yeager. The checks were accompanied by a letter stating that the checks were “being tendered as payment in full of the presently outstanding obligations under the divorce decree as last modified.” (Emphasis added.) The main opinion states that the parties’ divorce “judgment was in dispute at the time the checks were issued to Yeager.” 41 So.3d at 760. However, Yeager did not and does not dispute that the total amount of the three checks tendered to her represented, at that time, the full amount that she was owed under the divorce judgment. By offering Yeager the checks, Winstead simply sought to fulfill his obligation pursuant to the judgment; Winstead did not offer the checks as a conditional payment of any sort. When a judgment debtor makes moneys available to a judgment creditor without any restriction or condition not found in the judgment itself, the judgment is satisfied and post-judgment interest under § 8-8-10, Ala. Code 1975, stops accruing. Birmingham Pain Ctr., Inc. v. Cosgrove, 896 So.2d 538, 545 (Ala.Civ.App.2004). Therefore, in this case, Winstead’s unconditional tender of the checks stopped the accrual of post-judgment interest.
The main opinion cites cases concerning the doctrine of accord and satisfaction. However, had Yeager accepted the checks, an accord and satisfaction would not have occurred; rather, Yeager’s acceptance of the checks would have completed a payment of the judgment amount owed her. “Payment is a discharge of a debt by a *762 compliance with the terms of the obligation, whereas accord and satisfaction is an agreement, followed by an execution, to discharge a demand by the giving and acceptance of something different from that to which the creditor is entitled.” 1 Am.Jur.2d Accord and Satisfaction § 3 (2005) (footnotes omitted). Moreover, insofar as Yeager’s 2001 appeal of the divorce judgment was based on an argument that the division of the marital estate was inequitable, I note that “[wjhere a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the judgment, standing alone, does not amount to an accord and satisfaction of the entire claim.” 1 Am.Jur.2d Accord and Satisfaction § 32 (2005) (footnote omitted).
The circuit court correctly concluded that Winstead’s unconditional tender of the checks stopped the accrual of post-judgment interest. See Cosgrove, supra. Accordingly, I would affirm the circuit court’s judgment.
MOORE, J., concurs.